# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

BRANDON PETERSON,                                Case No. 18-cv-2640 (DWF/ECW)

    Plaintiff,

v.                                               **ORDER**

WASHINGTON COUNTY, *et al.*

    Defendants.

This matter is before the Court upon the parties' Joint Motions Regarding Continuing Sealing (Dkts. 104, 149, 150) pursuant to Local Rule 5.6(d) concerning documents filed under seal (Dkts. 100, 100-1, 100-2, 100-3, 100-4, 100-5, 100-6, 100-7, 100-8, 100-9, 100-10, 100-11, 100-12, 100-13, 100-14, 116, 116-1, 116-2, 130, 130-1, 130-2, 130-3, 130-4, 130-5, 130-6, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-13, 130-14, 130-15, 136, 136-1, and 136-2).

The parties agree that Docket Entries 116, 116-1, 116-2, 130-4, 130-13, 130-14, and 136 should be unsealed. Therefore, these documents will be unsealed.

The parties also agree that Docket Entries 100, 100-2, 100-3, 100-4, 100-5, 100-6, 100-7, 100-8, 100-9, 100-10, 100-11, 100-12, 100-13, and 100-14 should continue to be sealed as they contain personally identifiable information or the name of non-party inmates. (Dkt. 104.) Based on these representations and the Court's review of the documents, the Court concludes that the need to maintain the information in these docket entries under seal

outweighs the public's right of access. *See* Fed. R. Civ. P. 5.2; D. Minn. LR 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

The parties disagree as to continued sealing of Docket Entries 100-1, 130, 130-1, 130-2, 130-3, 130-5, 130-6, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-15, 136-1, and 136-2.

With respect to Docket Entry 101-1, it is Plaintiff's position that this document contains sensitive health information and that his interest in maintaining the confidentiality of discovery containing his health information outweighs any public interest of access to this information because it was filed in conjunction with a pretrial motion brought by the opposing party relating solely to discovery—not the merits. While Plaintiff acknowledges that he has placed certain aspects of his healthcare at issue, he contends that does not mean that the information is not confidential, as a waiver of any applicable privilege is a separate consideration from whether personal health information asserted solely in response to a discovery motion should remain confidential. Defendants counter that Dkt. 100-1 should not remain sealed because Plaintiff placed his health directly at issue in this case. While a party may waive medical privilege when a party places his medical condition at issue (*see Sandoval v. Am. Bldg. Maint. Indus.*, Inc., 267 F.R.D. 257, 267-69 (D. Minn. 2007)), that applies to an opposing party's right to access to information, and does not prohibit a court under Rule 26(b) from protecting "a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). Given that the medical information at issue was submitted as part of a non-dipositive motion, the Court finds that the public's

interest to access does not outweigh Plaintiff's privacy interests with respect to his medical information. Therefore, Docket Entry 100-1 shall remain sealed.

The parties also have similar disagreements with respect to Docket Entries 130 (video from Plaintiff's incarceration), 130-1, 130-2, 130-3, 130-5, 130-6, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-15, 136-1, and 136-2. Plaintiff argues that these entries contain information relating to his health, incarceration, and/or personally identifiable information, as well as information, related to non-party inmates. Plaintiff has offered proposed redacted versions for Docket Entries 130-2, 130-3, 130-5, 130-6, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-15, 136-1 and 136-2 for public filling. (*See* Dkts. 149-1, 149-2, 150-1 through 150-11.) Defendants' position is that the public's right to access in these documents outweighs the Plaintiff's right to confidentiality and that any personally identifiable information can be removed as appropriate under Rule 5.2 of the Federal Rules of Civil Procedure.[1]

The Court has reviewed Docket Entries 130, 130-1, 130-2, 130-3, 130-5, 130-6, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-15, 136-1, and 136-2 and finds that the need to protect Plaintiff's medically related information, as well as information dealing with non-parties, outweighs public's interest in accessing this information given the present procedural posture of this case, especially in light of the fact that the majority of these documents now have publicly available redacted versions. Since these documents were filed in conjunction with non-dispositive motions, the Court emphasizes that this decision is not determinative as

---

[1] The Court notes the Rule 5.2 only pertains to the redaction of social security numbers, birthdates, financial account numbers, and the names of minors. *See* Fed. R. Civ. P. 5.2(a).

to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to a future dispositive motion. *See In re Baycol Prod. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021).

## ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motions Regarding Continued Sealing (Dkts. 104, 149, 150) are **GRANTED** as follows:

1. Docket Entries 116, 116-1, 116-2, 130-4 130-13, 130-14, and 136 will be **UNSEALED** in accordance with the Local Rules.

2. Docket Entries 100, 100-2, 100-3, 100-4, 100-5, 100-6, 100-7, 100-8, 100-9, 100-10, 100-11, 100-12, 100-13, 100-14, 130, 130-1, 130-2, 130-3, 130-5, 130-6, 130-7, 130-8, 130-9, 130-10, 130-11, 130-12, 130-15, 136-1, and 136-2 will remain **SEALED**.

DATED: June 4, 2021                                     *s/Elizabeth Cowan Wright*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ELIZABETH COWAN WRIGHT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge