**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Brandon Robert Peterson, | Civil No. 18-2640 (DWF/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Washington County, MN, et al., | |
| Defendants. | |

Chelsea Bunge-Bollman, Esq., Annamarie A. Daley, Esq., Carly Thelen, Esq., and Stephen D. Morrison, III, Esq., Jones Day, counsel for Plaintiff.

Julia Kelly, Esq., Jason M. Hiveley, Esq., and Stephanie A. Angolkar, Esq., Iverson Reuvers, counsel for Defendants.

## INTRODUCTION

This matter is before the Court on Defendants' Motion for Jury Trial (Doc. No. 110 ("Motion JT")) and Plaintiff Brandon Robert Peterson's ("Plaintiff") Motion for Sanctions Due to Defendants' Spoliation of Evidence (Doc. No. 125 ("Spoliation Motion").) Both motions are opposed. (Doc. No. 134 ("Pl. Opp. JT"); Doc. No. 141 ("Def. Opp. Spoliation").) For the reasons set forth below, the Court denies both motions.

## BACKGROUND

Plaintiff initially filed a hand-written *pro se* complaint on September 11, 2018. (Doc. No. 1.) Plaintiff filed an amended *pro se* complaint on November 1, 2018. (Doc.

No. 5 ("FAC").)  The named Defendants at the time answered the FAC on March 15, 2019 without demanding a jury trial.  (Doc. No. 15.)  On March 30, 2019, Defendants stated in their Fed. R. Civ. P. 26(f) Report that "neither party demanded a jury trial," and that the "anticipated length of the bench trial is 2 days."  (Doc. No. 17 at 2, 9.)  The Court subsequently established a trial ready date on its non-jury trial calendar.  (Doc. No. 20 ("Scheduling Order") at 12.)

Plaintiff obtained counsel on November 26, 2019 (Doc. No. 53) and filed a second amended complaint shortly thereafter (Doc. No. 54 ("SAC").)[1]  Plaintiffs SAC asserts Fourteenth Amendment due process claims regarding the conditions of Plaintiff's confinement and excessive force; failure to intervene; deliberate indifference to serious medical needs; denial of his right to counsel and access to the courts; a *Monell* claim; violations of Americans with Disabilities Act and Rehabilitation Act; battery; assault; unauthorized use of force; negligence; and intentional infliction of emotional distress, and a claim under § 1988 for attorneys' fees.

Defendants answered the SAC on December 23, 2019, again, without demanding a jury trial.  (Doc. No. 57.)  Defendants did not demand a jury trial until March 9, 2021.[2]  (*See* Motion; *see also* Doc. No. 109.)  Defendants concede that their request is untimely

---

[1]   The SAC added a number of claims and defendants.  (*See* SAC.)

[2]   Prior to Defendants' Motion, the parties stipulated to seven amendments to the Scheduling Order.  (*See* Doc. Nos. 42, 62, 71, 81, 89, 107.)  None of the amendments contemplated altering the decision to pursue a bench trial.  (*See* Doc. Nos. 42 at 1; 62 at 3; 71 at 7; 81 at 7, 89 at 3; 107 at 4.)

but ask the Court to exercise its discretion to order a jury trial pursuant to Fed. R. Civ. P. 39(b). (Doc. No. 113 ("Def. Memo.") at 1.)

## DISCUSSION

I. **Motion for Jury Trial**

   A. **Legal Standard**

The Seventh Amendment to the U.S. Constitution guarantees civil litigants a right to trial by jury. *See* U.S. Const., amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved."); *accord* Fed. R. Civ. P. 38(a). If a party does not request a jury trial within 14 days of receiving a pleading; however, the party waives their right to a jury trial as to any issues raised in that pleading. Fed. R. Civ. P. 38(b)(c)(d).

Even when a party does not properly demand a jury trial, the Court may, on a motion, "order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b). "It is undisputed that Courts have broad discretion to grant or deny such motions." *In re RFC & ResCap Liquidating Tr. Action*, Civ. No. 13-3451, 2019 WL 3340698, at *3 (D. Minn. July 25, 2019) (citing *Spear v. Dayton's*, 771 F.2d 1140, 1144 (8th Cir. 1985)). "It is less clear, however, what legal principles a court should rely on in exercising that discretion."[3] *Id.*

---

[3]   The Eighth Circuit, for example, has stated that "when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *First Wisc. Nat. Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 80 (8th Cir. 1975). It has also held, though, that the request should be granted only upon reasonable "justification" for the failure to make a timely

3

Some courts in the Eighth Circuit have applied an unweighted five-factor balancing test considering:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*See*, *e.g.*, *Microsoft Corp. v. Ion Tech. Corp.*, Civ. No. 05-1935, 2006 WL 2085429, at *4-5 (D. Minn. July 25, 2006) (collecting citations).

This Court agrees with another in this district that recently stated, "regardless of the specific rules governing Rule 39(b) . . . in practice, most district courts across the country, including those in this Circuit, simply approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind usually are to be denied." *In re RFC & ResCap Liquidating Tr. Action*, 2019 WL 3340698, at *4 (internal quotation marks and citation omitted).

---

demand or upon showing that the moving party will be prejudiced by denying the request. *See, e.g.*, *Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1011 (8th Cir. 2002) (district court did not abuse discretion by denying motion for jury trial when the moving parties "offered no justification for the failure to make an appropriate demand for jury trial"); *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (affirming denial of relief from waiver of jury trial when moving party "offer[ed] no justification for the failure to make an appropriate demand" for a jury trial and pointed "to no prejudice resulting from denial.").

B.     Analysis

Defendant's assert that their "tardy request" for a jury trial is due to a change in trial strategy. (Pl. Opp. JT. at 9.) Defendants explain that their original decision to pursue a bench trial "was made in consideration of the nature and smaller scope of the case," but that their strategy changed after Plaintiff obtained counsel and added several claims and defendants to his case. (*Id.* at 9-10.) Defendants contend that while they waited over a year to make their request, the lengthy delay does not outweigh that their claims are best tried by a jury, granting the request will not disrupt Plaintiff's or the Court's schedules, Plaintiff will not suffer prejudice if the request is granted, and the motive for their request is not improper. (*Id.* at 6-10.)

Plaintiff opposes the Motion on the grounds that Defendants intentionally waived their right to a jury trial when they failed to timely request one after they filed their answer to Plaintiff's SAC, explicitly requested a bench trial in their Rule 26(f) Report, and made numerous, consistent representations that this case would proceed to a bench trial. (Pl. Opp. JT at 6-8.) Plaintiff further argues that a change in strategy is improper justification for Defendants' tardy request for a jury trial, and that while Plaintiff would suffer severe prejudice if Defendants' Motion is granted, Defendants would not suffer prejudice if it is denied.[4] (*Id.* at 10-13, 21.) Plaintiff also contends that his claims are

---

[4]     Plaintiff argues that he would suffer prejudice if Defendants' Motion is granted because he has prepared his case over the past fourteen months believing it would proceed to a bench trial and no longer has the opportunity to gather information that would be helpful to explain his case to a jury, and because by the time his case is scheduled for a jury trial, his evidence is likely to be stale and his witnesses memories

5

best tried by the Court because bench trials reduce the concerns associated with the presentation of expert testimony and testimony by individuals with criminal histories to a lay jury. (*Id.* at 14-16.) Finally, Plaintiff argues that the length of Defendants' delay is inexcusable because Plaintiff can no longer prepare for a jury trial after the close of discovery, and that granting Defendants' Motion would significantly delay resolution of the matter due to COVID-19 related jury trial backlog. (*Id.* at 18-19.)

The Court declines to grant Defendants' untimely request for a jury trial. Specifically, the Court cannot overlook the fourteen-month delay to accommodate Defendants' "change in trial strategy," particularly when it would necessarily impose an unexpected change in trial strategy on an opposing party who no longer has time to prepare for it.[5] In contrast, the Court finds that neither party will suffer prejudice if the matter proceeds as anticipated. Moreover, the Court is an equipped fact-finder fully capable to address Plaintiff's claims. If Defendants were concerned about the expanded scope of Plaintiff's claims after he obtained counsel, they had the opportunity to request a jury trial at that time.

In short, the Court finds that Defendants have offered insufficient justification for their tardy request for a jury trial and that Plaintiff will suffer prejudice if the request is

---

will have faded. (Pl. Opp. at 11-13.) In contrast, Plaintiff argues that Defendants will not suffer prejudice if their Motion is denied because the case will simply proceed as each party has anticipated and prepared for. (*Id.* at 10.)

[5] The Court also notes that moving this matter to the Court's jury trial calendar would significantly postpone resolution of this matter, simultaneously disrupting the Court's already backlogged calendar and causing additional prejudice to Plaintiff.

granted. Absent proper justification and with strong compelling reasons against granting Defendants' untimely request for jury trial, the Court respectfully denies Defendants' Motion.

## II. Motion for Sanctions

### A. Legal Standard

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property of another's use as evidence in pending or reasonably foreseeable litigation." *Nicollet Cattle Co., Inc. v. United Food Grp., LLC*, Civ. No. 08-5899, 2010 WL 3546784, at *4 (D. Minn. Sept. 7, 2010) (citation omitted). The Court may order sanctions "when a party (1) destroys (2) discoverable material (3) which the party knew or should have known (4) was relevant to pending, imminent, or reasonably foreseeable litigation." *Lexis-Nexis v. Beer*, 41 F.Supp.2d 950, 954 (D. Minn. 1999) (citation omitted). With respect to the failure to preserve electronically stored information, Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

The duty to preserve evidence is triggered when the party knows or should have known that the evidence is relevant to current or future litigation. *See E\*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 587-88 (D. Minn. 2005). Before imposing spoliation sanctions, the Court must also find that the moving party was prejudiced. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004). To find prejudice, the evidence must have been relevant and unavailable through other sources. *Koons v. Aventis Pharm., Inc.*, 367 F.3d 768, 780 (8th Cir. 2004).

If spoliation is determined, the Court has broad discretion in determining an appropriate sanction and considers the culpability of the party and timing of the actions. *Dillon v. Nissan Motor Co., Ltd.*, 986 F.3d 263, 268 (8th Cir. 1993); *Nicollet Cattle Co.*, 2010 WL 3546784, at *4; *Stevenson*, 354 F.3d at 748. Before the Court can impose sanctions for prelitigation spoliation, impose a dispositive sanction (i.e., default judgment), or award attorneys' fees, there must be an explicit finding of bad faith. *Stevenson*, 354 F.3d at 745.

**B. Analysis**

Between February 4, 2018 and May 24, 2018, Plaintiff asserts that he repeatedly complained about specific abusive actions, inactions, and conditions at the Washington County Jail ("WCJ"), and that he both threatened to file a lawsuit against WCJ and requested that WCJ preserve evidence. Plaintiff further alleges that when he arrived at the WCJ on February 4, 2018, he was psychiatrically vulnerable and throughout his stay

8

evidenced symptoms of severe psychiatric decompensation. (Doc. No. 129 ("Morrison Decl.") ¶ 9, Ex. 2 ("Stewart Report") at ¶ 2.2.) Throughout Plaintiff's 2018 detention, Defendants recorded at least 26 incidents with body-worn cameras ("BWC"). Defendants preserved only three of the incidents.

Pursuant to its own policy, WCJ retains BWC video for 180 days, after which it may destroy or recycle the video. (Morrison Decl. ¶ 10, Ex. 3 (Washington 7389 (Policy 280.8).) There is an exception to the policy for video "determined to be of evidentiary, investigative, or training value." *Id*. Sergeants can also mark BWC video to be held indefinitely. (Morrison Decl. ¶ 18, Ex. 10 ("Heinen 30(b)(6) Dep.") at 108.) Unless a video has been marked for an indefinite hold, the video vendor automatically deletes video footage after 180 days. (Doc. No. 143 ("Heinen Decl.") ¶¶ 2-3.) Similarly, the Sheriff's Office BWC video is deleted after 180 days unless the supervising Sergeant marks a video for "indefinite" retention. (*Id*. ¶ 4; Heinen 30(b)(6) Dep. at 108.) Metadata from the BWC video files shows that a Sergeant selected "indefinite" retention of BWC video from incidents involving Plaintiff on March 24, 2018, May 3, 2018, and May 7, 2018.

Plaintiff filed the present action on September 11, 2018, challenging the conditions of his confinement in WCJ. Defendants claim that they learned of the lawsuit on November 29, 2018. (Morrison Decl. ¶ 10, Ex. 3 at Washington 32687.) Further, Defendants submit that by then, 180 days had passed, and while no one took affirmative steps to delete or destroy BWC video, much of the BWC video was not marked for indefinite retention. After Defendants received notice, Commander Heinen directed a

9

Sergeant to retrieve the BWC video and save it. (Heinen Decl. ¶ 5.) At this time, the only BWC video available was video from three dates (listed above) that were marked for indefinite retention. (Heinen Decl. ¶ 7, Ex. 1.) Commander Heinen also contacted Visual Labs (the video vendor) in an attempt to retrieve the data that was not retained, but he was told that retrieval was not possible. (Heinen Decl. ¶ 8.)

Plaintiff now seeks sanctions against the Defendants who had access to and a duty to preserve the video evidence. Specifically, Plaintiff asks the Court to strike these Defendants' defenses and grant Plaintiff's attorneys' fees and costs associated with bringing the present motion. At a minimum, Plaintiff asks the Court to preclude Defendants from introducing or relying on any evidence related to the incidents that would have been captured and rule that the spoliated evidence would have shown that Defendants used excessive force and were deliberately indifferent to Plaintiff's known and obvious serious medical and/or mental health needs.

Defendants oppose Plaintiff's motion, arguing that preservation was not triggered until receipt of Peterson's filed Complaint, and that Plaintiff's various grievances, appeals, requests for documents, and alleged threats to sue the jail were not uncommon among inmates and would not necessarily trigger withholding data from the retention schedule. Defendants also argue that even if spoliation occurred, Plaintiff is not prejudiced any more than Defendants by the absence of BWC video. In this vein, Defendants submit that while the BWC video of incidents involving Plaintiff are relevant, there is other contemporaneous video evidence available, including extensive CCTV footage of the incidents involving Plaintiff, and Plaintiff has obtained other discovery

regarding the incidents, including incident reports and deposition testimony from officers. Finally, Defendants argue that Plaintiff has not established the requisite bad faith to impose prelitigation spoliation sanctions.

After careful consideration of the parties' arguments, the Court denies Plaintiff's motion for spoliation sanctions as explained below. First, the Court denies with prejudice Plaintiff's request for a sanction barring all defenses. The Court finds that Plaintiff has not made the requisite showing of bad faith to warrant this pretrial sanction. In addition, such a sanction would run afoul the strong policy in favor of deciding a case on the merits. Second, the Court finds Plaintiff's requests for attorneys' fees and that the Court preclude Defendants from relying on evidence relating to particular incidents that would have been captured on camera and giving an adverse inference that Defendants used excessive force and were deliberately indifferent to be premature. These issues are more appropriately addressed at the pretrial or trial stage as evidentiary issues. As such, those requests are respectfully denied without prejudice to raise them later.

**CONCLUSION**

For the reasons set forth above, the Court declines to exercise its discretion under Rule 39(b) to grant Defendants' untimely request for a jury trial. Specifically, the Court finds insufficient justification to accommodate the fourteen-months late request and that Plaintiffs would suffer significant prejudice if the request was granted. In addition, the Court denies Plaintiff's motion for spoliation sanctions as explained herein.

**ORDER**

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Jury Trial (Doc. No. [110]) is **DENIED.**

2. Plaintiff's Motion for Spoliation Sanctions (Doc. No. [125]) is **DENIED**.

Dated: June 30, 2021	<u>s/Donovan W. Frank</u>
　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　United States District Judge